IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHARLES KEYS**                                                                                          **PLAINTIFF**

**v.**                                                                                              **No. 2:07cv372 KS-MTP**

**SAFEWAY INSURANCE COMPANY**                                                   **DEFENDANT**

<u>**ORDER**</u>

This matter is before the court on the plaintiff's motion [37] to compel discovery and the court having considered the matter finds that the motion should be DENIED.

Plaintiff argues that defendant Safeway Insurance Company has adopted a pattern and practice of forwarding its insureds notices of cancellation prior to the date premiums are actually due. The cancellation notice informs the insured that its policy will be cancelled if payment is not made within 10 days after payment is due. While denying the improper intent attributed to it by the plaintiff, Safeway admits that it follows such a practice and that, as a matter of course, it follows through with the cancellation and denies claims arising after the cancellation.

The discovery impasse arises out of plaintiff's demands for the following documents: complete copies of the files of every single Safeway customer from 1998 to the present whose policies or coverages were cancelled for non-payment (Request no. 24); copies of the files of every single Safeway customer from 1998 to the present who filed claims with Safeway and said claims were denied (Request no. 25); and copies of the files of every single Safeway customer who paid a premium after the due date for period of ten years (Request no. 26). Defendant has objected to the document requests as being overly broad, unduly burdensome and seeking documents unrelated to the issues raised by the pleadings.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." The term "relevant" in Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, the court must limit discovery otherwise allowed by the Federal Rules of Civil Procedure when, *inter alia*, "the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). This court is invested with broad discretion in establishing the scope of discovery. *See Conboy v. Edward D. Jones & Co.*, 140 Fed. Appx. 510, 516 (5th Cir. June 28, 2005).

The court agrees with Safeway that the disputed document requests are far too broad and unduly burdensome, and have little or no relevance to this case. Each of the requests is of nationwide scope, covers a period of at least ten years and would add little to what is already known of the practice at issue. For example, the request for every claim file for every customer whose claim was denied for any reason for a period of ten years (Request no. 25) appears to have no reasonable relationship to the narrow issue in this case. Plaintiff does not explain why files for customers whose claims were denied *for any reason* should be discoverable in this matter. Likewise, production of customer files for those customers whose policies were cancelled for non-payment or who ever paid a late premium (Requests 24 and 26) appears to be of little benefit here

and the time and effort required to comply with such a request are clearly not justified.[1]

Accordingly, plaintiff's motion to compel discovery [37] is denied.

    SO ORDERED this 8th day of October, 2008.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge

---

[1] Plaintiff avers that the reason it is entitled to copies of all files of the documents it is seeking is because they will reveal a pattern of conduct. However, Safeway admits that a pattern of conduct exists regarding its practice of sending customers the requisite notice shortly before their premium due date and in the event of nonpayment, cancelling the policy and thereafter denying claims arising during the lapse in coverage. Thus, there is no dispute regarding whether a pattern of conduct exists. See Response to Motion to Compel [37] at 2-5. Accordingly, the court sees no reason why discovery on this issue - particularly the overbroad, unduly burdensome document requests propounded by plaintiff - is justified.