**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**CHARLES KEYS**                                                   **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 2:07-CV-372-KS-MTP**

**SAFEWAY INSURANCE COMPANY**                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Presently before the Court are Defendant's Motion for Summary Judgment [59] and Plaintiff's Motion for Leave to Amend Complaint [65]. For the reasons stated below, the Court **grants** Defendant's Motion for Summary Judgment [59] and **denies** Plaintiff's Motion for Leave to Amend [65].

## I. BACKGROUND

On July 29, 2006, Plaintiff purchased an insurance policy from Defendant. The policy provided automobile liability coverage for Plaintiff and his wife on three separate vehicles. The policy had a six month term, running from July 28, 2006, through January 28, 2007.

On December 7, 2006, Defendant sent a bill to Plaintiff, stating that $106.40 premium was due on December 22, 2006. On December 11, 2006, having not yet received payment, Defendant sent a notice of cancellation to Plaintiff, which provided:

> You are hereby notified that in accordance with the terms and conditions of your automobile policy, that your policy will be cancelled or terminated on the date and time indicated, for the reason described below:
>
> **Non-Payment of Premium**
> You are hereby notified pursuant to section 83-11-11 of the Mississippi Statutes to contact your agent for possible eligibility for insurance through the Mississippi Automobile Insurance Plan.

1

The notice stipulated that the cancellation date was December 22, 2006, and that the amount due was $106.40.  It also provided that "a $5 late fee must be added to the amount due if payment is postmarked on or after the due date shown on the last bill issued."

Plaintiff failed to make a payment by December 22, 2006. On December 31, 2006, he was involved in an automobile accident.  Following the accident, he attempted to pay the policy premium and reinstate his insurance. He submitted a check for $111.40 to Defendant on January 2, 2007, and subsequently filed a claim for the accident.

Defendant rejected Plaintiff's payment and his claim by a letter dated January 4, 2007. Therein, Defendant stated that Plaintiff's policy had been "cancelled for non-payment of premium on 12-22-06 at 12:01 am." After Plaintiff retained counsel, Defendant reversed its position, chose to pay the claim, and so informed Plaintiff by a letter dated March 30, 2007.

Plaintiff subsequently brought this suit, alleging that Defendant "acted with gross negligence, malice and reckless disregard for the rights of the Plaintiff when it cancelled the subject policy in violation of Mississippi law and denied the claim submitted." Therein, Plaintiff requested punitive damages, exemplary damages, and damages for emotional distress, mental anguish, and loss of enjoyment of life.

On March 25, 2008, Defendant filed its Motion for Judgment on the Pleadings [9], arguing that it fully complied with applicable state law and, therefore, could not have engaged in "bad faith handling" of Plaintiff's claim. Plaintiff opposed Defendant's motion, arguing that Defendant misconstrued the applicable state law. The crux of the issue was whether an insurance company's preemptive notice of cancellation satisfies the requirements of Mississippi Code Section 83-11-5. Defendant argued that the statute merely requires that an insurance company send a notice of

2

cancellation at least ten days before the date of cancellation. Plaintiff argued that the statute's intent requires that the condition triggering cancellation occur prior to the notice of cancellation being sent.

In a Memorandum Opinion and Order [15] dated April 22, 2008, the Court denied Defendant's motion. *See Keys v. Safeway Ins. Co.*, 556 F. Supp. 2d 586 (S.D. Miss. 2008). The Court held that Defendant's use of preemptive notification defeated the underlying purpose of the statute – to provide the insured with a ten-day window in which to cure their default or seek substitute coverage. *Id.* at 589-90. As the parties had not yet engaged in discovery and no facts surrounding Defendant's initial denial of the claim had been established, the Court declined to address whether Defendant's actions were sufficient to merit the relief requested by Plaintiff. *Id.* at 591.

On June 15, 2009, Defendant filed its Motion for Summary Judgment [59]. Therein, Defendant argued that the propriety of its preemptive notice was not dispositive as to Plaintiff's bad faith claim. Phrased differently, Defendant contended that even if it had violated Section 83-11-5, its actions did not rise to the level of bad faith. Defendant further argued that it would be inappropriate, in this case, for the Court to venture an *Erie* guess as to the application of Section 83-11-5. Defendant presented evidence that industry practice and the viewpoint of the Mississippi Department of Insurance comported with Defendant's interpretation of the statute: that insureds should be reminded, at least ten days in advance, that they must either timely pay their premiums or make alternative arrangements before the equity in their policy expires and their coverage lapses. Finally, Defendant argued that Plaintiff failed to request a hearing with the Commissioner of Insurance to challenge the cancellation of his policy, as required by Mississippi Code Section 83-11-17.

In response [61], Plaintiff argued that the preemptive cancellation notice was "merely a cog in the bad faith wheel." Plaintiff claimed that he had been late on prior premium payments, but that Defendant did not cancel his policy. Therefore, Plaintiff argued that the only possible reason that Defendant canceled his policy was that he filed a claim. Plaintiff asserted that Defendant's focus on the propriety of its preemptive cancellation notice was merely an attempt to redirect the Court's attention from the broader question of whether Defendant exhibited bad faith by providing preemptive notice of cancellation, refusing late premium payments for policies on which a claim has been filed, and then using the preemptive notice as a means of escaping payment on the claim.

On August 11, 2009, the Court ordered Plaintiff to provide a supplemental brief addressing in further detail the extent to which he had plead a viable claim against Defendant – assuming that the preemptive notice issue would not support a claim of bad faith [64]. Plaintiff subsequently requested leave to amend his Complaint to allege with greater particularity the circumstances constituting fraud and bad faith [65]. Defendant opposed Plaintiff's motion to amend, citing its purported untimeliness, futility, and the burden to which it would expose Defendant [67].

On October 13, 2009, the Court stayed the case pending administrative review by the Commissioner of Insurance [79]. *See Keys v. Safeway Ins. Co.*, No. 2:07-CV-372-KS-MTP, 2009 U.S. Dist. LEXIS 100229 (S.D. Miss. Oct. 13, 2009). The Court observed that Mississippi Code Section 83-11-17 requires an administrative hearing "to contest the reason or reasons for a cancellation of a policy which has been in effect for sixty (60) days or more." *Id.* at *7-*8 (quoting Miss. Code Ann. § 83-11-17). Plaintiff's substantive claim was that Defendant's stated reason for the cancellation of his policy – nonpayment of premium – was false. Therefore, his claim fell within the ambit of Section 83-11-17, and Plaintiff was required to appeal Defendant's cancellation with

the Commissioner of Insurance. *Id.* at \*10-\*11. The Court noted that exhaustion of the administrative remedies would not present a significant burden on the parties. *Id.* at \*12-\*13. Furthermore, the Court observed that Section 83-11-17 creates a presumption that a cancellation which is subject to the statute "shall be deemed effective unless the Commissioner of Insurance determines otherwise in accordance with the provisions of this article." *Id.* at \*14 (quoting MISS. CODE ANN. § 83-11-17). Accordingly, the Court stayed the case pending Plaintiff's exhaustion of the administrative review and appeal process. *Id.* at \*20.

On December 10, 2009, the Commissioner of Insurance issued his decision [80-2]. Therein, the Commissioner found that Defendant's actions were "not inconsistent with its practice as regulated and approved by the Mississippi Insurance Department ("MID")." The Commissioner further found that the Department has never interpreted Section 83-11-5 "as creating a 'grace period' of ten (10) days after an insurance premium is due." Rather, the Commissioner found that "the notice provision of Miss. Code Ann. § 83-11-5 has been and is now understood by the MID and insurers doing business in Mississippi as a requirement of reminding customers, at least ten days in advance, that they should either timely pay their premiums or make alternative arrangements before the coverage in place expires." He additionally found that the MID had never communicated to insurers that preemptive notices of cancellation were improper, imposed a penalty on an insurer for sending a preemptive notice of cancellation, or found a notice of cancellation ineffective based on it being sent before the premium due date. Therefore, the Commissioner concluded that Defendant's preemptive notice of cancellation did not violate Section 83-11-5, and its cancellation of Plaintiff's policy for nonpayment of premium was valid.

On December 16, 2009, the Court ordered the parties to submit supplemental briefs, if so

desired, within five (5) days [80]. Plaintiff expressed his intention to appeal the Commissioner's decision [81], and he filed a motion to stay the case pending the completion of the appeal process [84]. Defendant argued that the Commissioner's decision was dispositive as to Plaintiff's bad faith claim insofar as it proved that Defendant had an arguable basis for its decisions regarding Plaintiff's policy and claim [82].

On February 8, 2010, the Court removed the case from the active docket pending the completion of the administrative appeal process allowed by Mississippi law [84]. Therefore, both Defendant's Motion for Summary Judgment[59] and Plaintiff's Motion to Amend [65] were left unaddressed.

On December 22, 2010, Defendant filed a supplement to its Motion for Summary Judgment [85], which included a copy of an Opinion and Order Affirming the Decision of the Office of the Commissioner of Insurance entered by the Chancery Court of Jones County, Mississippi, on December 20, 2010 [85-1]. Defendant subsequently filed a Motion to Reinstate [86] this case to the Court's active docket, and for leave to submit supplemental exhibits in support of its Motion for Summary Judgment.

As the administrative appeal process had been completed, the Court ordered the Clerk to reinstate the case to the active docket on January 25, 2011 [87]. Defendant submitted no additional argument in support of its Motion for Summary Judgment. Rather, it sought leave to supplement the motion with the opinions of the Mississippi Insurance Commissioner and the Chancery Court of Jones County, Mississippi. The Court granted Defendant leave to supplement, and allowed Plaintiff an opportunity to respond [87]. Plaintiff failed to do so. Therefore, Defendant's Motion for Summary Judgment is ripe for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138 (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138 (quoting *Daniels*, 246 F.3d at 502). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. Discussion

Plaintiff claims that Defendant exhibited bad faith by cancelling his policy for nonpayment and delaying the payment of his claim. In Mississippi, to prevail on a bad faith claim, a plaintiff must prove "that the insurer lacked an arguable or legitimate basis for denying [or delaying payment of] the claim, or that the insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Dauro v. Allstate Ins. Co.*, 114 F. App'x 130, 135 (5th Cir. 2004) (quoting *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003)) (alteration original). Further, "where an insurance carrier denies or delays payment of a valid claim, punitive damages will not lie if the carrier has an arguable reason for such denial or delay." *Id.*[1] An insurer has no arguable basis for delaying payment on a claim if "nothing legal or factual would have arguably justified" its position. *Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 272 (5th Cir. 2008). Whether Defendant had an arguable basis for its actions "is an issue of law for the court."

[1]*See also Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 280 (5th Cir. 1988) (if the evidence suggests that the insurer had a reasonably arguable basis for denying the claim, its conduct cannot constitute bad faith) (citing *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So. 2d 833, 842 (Miss. 1985); *Standard Life Ins. Co. of Ind. v. Veal*, 354 So. 2d 239, 248 (Miss. 1977)); *Spansel v. State Farm Fire & Cas. Co.*, 683 F. Supp. 2d 444, 447 (S.D. Miss. 2010) (to prove a bad faith claim, a plaintiff must show that the insurer lacked an arguable or legitimate basis for its actions) (citing *United Am. Ins. Co. v. Merrill*, 978 So. 2d 613, 634 (Miss. 2007)); *Tipton v. Nationwide Mut. Fire Ins. Co.*, 381 F. Supp. 2d 572, 579 (to survive summary judgment on a bad faith claim, a plaintiff must show that a material issue of fact exists as to whether the insurer lacked a reasonable arguable or legitimate basis to deny the claim for denying his claim) (citing *Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 232 (Miss. 2001)); *United Servs. Auto. Ass'n v. Lisanby*, 47 So. 3d 1172, 1179 (Miss. 2010) (where insurer had an arguable basis for denying claim, it did not act in bad faith) (citing *Merrill*, 978 So. 2d at 627); *Merrill*, 978 So. 2d at 634 ("If there is a finding that there was a reasonable arguable basis to deny the claim then the [plaintiff] is not entitled to have the jury consider any bad faith award against the insurance company.") (quoting *Windmon v. Marshall*, 926 So. 2d 867, 872 (Miss. 2006)); *Wise v. United Servs. Auto. Ass'n*, 861 So. 2d 308, 319-20 (Miss. 2003) (where insurer had a legitimate and arguable basis in law for denying claim, plaintiffs did not have a valid bad faith claim) (citing *Cossitt v. Federated Guar. Mut. Ins. Co.*, 541 So. 2d 436, 443 (Miss. 1989)).

*Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008) (citing *U.S. Fid. &*

*Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992)).

Mississippi Code Section 83-11-5 provides the procedures by which an insurer may cancel

an insurance policy for nonpayment of premiums:

> No notice of cancellation of a policy to which Section 83-11-3 applies shall be
> effective unless mailed or delivered by the insurer to the named insured and to any
> named creditor loss payee at least thirty (30) days prior to the effective date of
> cancellation; provided, however, that **where cancellation is for nonpayment of
> premium at least ten (10) days' notice of cancellation accompanied by the
> reason therefor shall be given.** Unless the reason accompanies or is included in the
> notice of cancellation, the notice of cancellation shall state or be accompanied by a
> statement that upon written request of the named insured, mailed or delivered to the
> insurer not less than fifteen (15) days prior to the effective date of cancellation, the
> insurer will specify the reason for such cancellation.

MISS. CODE ANN. § 83-11-5 (emphasis added).

According to Mississippi's Commissioner of Insurance, Defendant's practice of providing

preemptive notice of cancellation for reason of nonpayment is "not inconsistent with its practice as

regulated and approved by the Mississippi Insurance Department." Further, the Commissioner found

that the Mississippi Insurance Department has never interpreted the above provision "as creating a

'grace period' of ten (10) days after an insurance premium is due," as Plaintiff urges. Rather, Section

83-11-3 "has been and is now understood by the MID and insurers doing business in Mississippi as

a requirement of reminding customers, at least ten days in advance, that they should either timely

pay their premiums or make alternative arrangements before the coverage in place expires." MID

has never warned insurers against the practice, imposed a penalty on an insurer for giving

preemptive notice of cancellation, or found a notice of cancellation ineffective based on its

preemptive nature. Accordingly, the Commissioner concluded that Defendant's preemptive notice

of cancellation did not violate Section 83-11-5, and that Defendant's cancellation of Plaintiff's

policy was valid.

On appeal, the Chancery Court of Jones County, Mississippi, affirmed the Commissioner's decision [86-2]. The Chancery Court cited *Brown v. Progressive Gulf Ins. Co.*, 761 So. 2d 134 (Miss. 2000). In *Brown*, the issue before the Mississippi Supreme Court was whether the insurer was equitably estopped from denying coverage because the insurer negotiated the policyholders' check. *Id.* at 136. The court did not address whether the cancellation notice itself was effective, but it appears to have assumed that it was valid and effective. *See Id.* ("Faced with what would otherwise constitute a statutorily valid cancellation, the [plaintiffs] argue . . . ."). However, as this Court noted in its Memorandum Opinion and Order of April 22, 2008, *Brown* involved a cancellation notice sent "after the precondition for cancellation had occurred." *Keys*, 556 F. Supp. at 589. Regardless, the Chancery Court of Jones County, Mississippi, affirmed the decision of the Commissioner of Insurance that the notice given to Plaintiff was sufficient. The Chancellor noted: "If the Mississippi Legislature intends for insureds to receive a ten (10) day grace period for nonpayment of premiums after the due date for premiums has passed then the statute needs to specifically say so."

This Court must apply the substantive law of Mississippi to this case. *See Walker v. George Koch Sons, Inc.*, 610 F. Supp. 2d 551, 555 (S.D. Miss. 2009) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). Mississippi courts have held that "[a]n agency's interpretations of statutes that it uniquely is to enforce or apply are entitled to deference. Unless the agency's interpretation overrides a plain meaning that must be given to such a statute or is otherwise unreasonable, a court should accept the interpretation." *Miss. Dep't of Corr. v. Harris*, 831 So. 2d 1190, 1192 (Miss. Ct. App. 2002) (citing *His Way Homes, Inc. v. Mississippi*

*Gaming Comm'n*, 733 So. 2d 764, 767 (Miss. 1999)); *see also Gill v. Miss. Dep't of Wildlife Conservation*, 574 So. 2d 586, 593 (Miss. 1990) ("[W]e have accepted an obligation of deference to agency interpretation and practice in areas of administration by law committed to their responsibility."); *Bynum v. Miss. Dep't of Educ.*, 906 So. 2d 81, 106 (Miss. Ct. App. 2004) ("This Court defers to an agency's interpretation of its own statutes and rules unless the agency interpretation contravenes the statutory language."). As the Court previously noted, there is no reported Mississippi case law explicitly addressing Defendant's practice of sending preemptive notice of cancellation for reason of nonpayment. *See Keys*, 556 F. Supp. at 590 n. 1. The Court maintains its belief that this practice defeats the underlying purpose of the statute. However, it can not find that the Commissioner's interpretation of the statute is contrary to the plain language therein. Accordingly, the Court must defer to the state agency's interpretation. *See Gill*, 574 So. 2d at 593; *Harris*, 831 So. 2d at 1192.

Plaintiff failed to respond to Defendant's latest supplemental brief or present any substantive evidence or argument as to why the Court should not defer to the decisions of the Insurance Commissioner and Chancery Court. Indeed, Plaintiff admitted in his supplemental brief of December 18, 2009, that the Commissioner's decision provided Defendant with an arguable reason for its actions in this matter. Therefore, the Court finds that Defendant had an arguable reason for its actions, and that Plaintiff has failed to present a valid bad faith claim.

Additionally, Plaintiff previously argued that Defendant's failure to send preemptive notices of cancellation when he was late with payments in the past is evidence of bad faith in this case. The course of dealing between an insurer and insured may create "in the mind of a policyholder the belief that payment may be delayed *until demanded* . . . this is binding on the company

notwithstanding that there may not have been a compliance with the express letter of the policy."

*Brown*, 761 So. 2d at 138 (quoting *Home Protection of N. Ala. v. Avery*, 5 So. 143, 144-45 (Ala. 1888)) (emphasis added). What distinguishes the present case is that Defendant demanded payment from Plaintiff in its preemptive notice. In *Brown*, the Mississippi Supreme Court noted:

> While the Browns note (and Progressive acknowledges) that Progressive had accepted late premiums in the past, there is no indication in the record that Progressive had ever accepted late premiums following the sending of a cancellation notice and the expiration of a deadline set forth therein. As such, there is no evidence of a course of dealing which would lead the Browns to reasonably conclude that their coverage would continue past [the date cited in the cancellation notice.]

*Id.* at 138-39. Therefore, even if Defendant accepted late payments in the past, it was unreasonable for Plaintiff to assume that Defendant would do so in this case, in light of the preemptive notice – a clear demand for payment by a certain date.

Finally, Plaintiff argued that Defendant's payment of the claim after he retained counsel is evidence of bad faith. However, Defendant's payment of the claim is not necessarily indicative of bad faith on their part. The Mississippi Supreme Court has noted:

> Nor is it necessarily true, that because an insurance company pays a claim prior to being sued, it admits it owed it, and was therefore unjustified in not paying the claim to begin with. . . . If we ever announce, as a rule of law, that in paying a claim which has been questioned the insurance company admits to some questionable conduct in handling the claim, then we will guarantee that no insurance claim will ever be given the benefit of the doubt. If the company pays prior to litigation, it may subject itself to a bad faith claim. Who wants this?

*Campbell*, 466 So. 2d at 841 n. 5. The Mississippi Supreme Court recognized that such a rule would create a disincentive for insurers to settle disputed claims. Accordingly, the Court finds that Defendant's payment of the claim after Plaintiff retained counsel – standing alone – is not sufficient evidence of bad faith to survive summary judgment.

## IV. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [59]. Accordingly, **this case is closed**.

The Court **withdraws** the portion of its Memorandum Opinion and Order of April 22, 2008, addressing Defendant's compliance with Mississippi Code Section 83-11-5.

Plaintiff filed a Motion for Leave to Amend Complaint [65] on August 17, 2009. The Court examined Plaintiff's proposed Amended Complaint, and Plaintiff's amendments would not change the result of this decision. *United States v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (denial of leave to amend may be warranted for futility of a proposed amendment). Therefore, the Court **denies** the motion.

**SO ORDERED AND ADJUDGED** this 9th day of February,  2011.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE

13