**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**CHARLES KEYS**                                                                      **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:07-CV-372-KS-MTP**

**SAFEWAY INSURANCE COMPANY**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's objections [92, 95] to Defendant's Bill of Costs [91] are sustained in part and overruled in part.

### I. BACKGROUND

On February 10, 2011, the Court entered a Final Judgment [90] in favor of Defendant, Safeway Insurance Company, dismissing this case with prejudice. On February 16, 2011, Defendant filed its Bill of Costs [91], which included the following items: 1) $884.00 for deposition transcripts; 2) $1,428.70 for copying and printing services; and 3) $3,500.00 for an expert witness. The Bill of Costs was accompanied by an affidavit from Defendant's counsel in which he attested that the items claimed in the Bill of Costs were correct, that they were necessarily incurred in the case, and that the services for which fees were charged had actually been provided. Defendant also attached an itemization of costs and several invoices.

On February 25, 2011, Plaintiff filed an objection to the Bill of Costs [92], in which he argued that the costs were exorbitant and improper under 28 U.S.C. § 1920. Plaintiff noted that the bulk of the costs were for expert witness fees. Plaintiff also argued that the invoices attached to the Bill of Costs did not properly reflect the reasons the costs were incurred, the services provided, or

1

that the costs were necessary. Other than a cursory reference to Section 1920, Plaintiff offered no legal support for his objection.

On February 28, 2011, Defendant filed a response [93] to Plaintiff's objection, in which it argued that the expert witness fees were proper costs necessarily incurred in defense of this matter. Defendant further argued that Plaintiff's failure to offer any evidence or legal opinion in support of its position that Defendant's use of preemptive notices of cancellation constituted bad faith provided sufficient grounds for the assessment of Defendant's entire costs of litigation. The only legal support Defendant provided for this argument was a vague reference to Rule 11.

On March 3, the Clerk taxed Defendant's full amount of costs – in the amount of $5,182.70 – to Plaintiff. On the same day, Plaintiff filed a second objection. Therein, Plaintiff argued that expert witness fees were not contemplated by 28 U.S.C. § 1920. Plaintiff further argued that the remaining costs were improper and not contemplated by 28 U.S.C. § 1920 or 28 U.S.C. § 1821. Beyond cursory references to the above-cited statutes, Plaintiff again provided no legal support for his arguments.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1). The Clerk waited the requisite fourteen days before taxing costs to the Plaintiff, and Plaintiff objected within seven days of the clerk's action. Defendant has not provided any further response to Plaintiff's second objection. Therefore, the issue is ripe for the Court's review.

Congress provided that:

A judge or clerk of any court of the United States may tax as costs the following:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court "may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quoting *Cook Children's Med. Ctr. v. The New England Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)).

"[C]ourts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates. Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am., AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). However, there is "a strong presumption 'that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption since denial of costs is in the nature of a penalty.'" *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)).

**A.      *Expert Witness Fees***

The Court shall first address Defendant's expert witness fees. Witness fees are governed by 28 U.S.C. § 1821. The United States Supreme Court has explained the interrelation of Rule 54(d)(1) (relating to costs other than attorneys' fees), 28 U.S.C. § 1920 (listing "costs" that may be taxed by a federal court), and 28 U.S.C. § 1821 (authorizing per diem and travel expenses for witnesses). The Court held "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

The wording of Rule 54(d)(1) has been amended since *Crawford*. *Compare* FED. R. CIV. P. 54(d)(1) (2009), *with Crawford*, 482 U.S. at 441, 107 S.Ct. 2494. However, the operative language remains substantially the same. In pertinent part, current Rule 54(d)(1) reads: "Unless a federal statute, these rules, or a court order provides otherwise, costs  – other than attorney's fees – should be allowed to the prevailing party." The *Crawford* Court explained that Section 1920 defines "costs" as used in Rule 54(d)(1) and enumerates the expenses that a federal court may tax as costs. *Crawford*, 482 U.S. at 441-42, 107 S.Ct. 2494. Section 1920 permits compensation for expert witnesses only when those witnesses are appointed by the court. 28 U.S.C. § 1920(6). Thus, expert witness fees in excess of the standard witness per diem and travel allowances cannot be taxed as costs unless there is a specific statutory provision which allows such.  *See also Leroy v. Houston*, 831 F.2d 576, 584 (5th Cir.1987).

In the present case, Defendant has only presented an invoice from its expert witness for ten hours worth of work pertaining to this case. There is no indication on the invoice that any of the time

4

was expended "in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States . . . ." 28 U.S.C. § 1821(a)(1). Therefore, the $3,500.00 expended by Defendant on an expert witness is not recoverable, and the Court sustains Plaintiff's objection thereto. *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (expert fees are not recoverable).

**B.    Transcripts**

Next, the Court shall address Plaintiff's objection to the transcript fees. Plaintiff argues that Defendant failed to offer any evidence that it actually incurred the costs of obtaining transcripts, as it failed to attach a corresponding invoice. However, Defendant submitted two invoices from Davis Court Reporting, totaling $884.00. The Court suspects that Plaintiff intended to argue that Defendant failed to provide a *receipt* proving that the invoice had been paid. However, parties are not necessarily required to produce receipts for each expenditure in pursuit of litigation in order to receive an award of costs. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005) (where party submitted a redacted invoice and a supporting affidavit from counsel, district court did not abuse discretion by awarding cost of photocopies); *Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir. 1999) (it was not an abuse of discretion for a district court to award cost of copying, despite the defendants' failure to produce a receipt).

Plaintiff also contends that the transcripts were not necessary for this litigation, and that the cost incurred was not reasonable. Fees for transcripts of depositions are plainly authorized under the above-cited statute. 28 U.S.C. § 1920(2); *Crawford v. United States Dep't of Homeland Sec.*, 245 F. App'x 369, 384 (5th Cir. 2007) ("Pursuant to 28 U.S.C. § 1920(2), a court may tax the cost of a court reporter's fees for a stenographic transcript obtained for use in the case. Depositions are clearly

5

included within the phrase 'stenographic transcript.'"). "Costs related to the taking of depositions . . . are allowed if the materials were necessarily obtained for use in the case." *Stearns v. Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "[I]t is not required that a deposition actually be introduced in evidence for it to be necessary for a case – as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Id.* (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)); *see also Coats*, 5 F.3d at 891. "Whether a deposition . . . was necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman*, 920 F.2d at 285.

Defendants obtained two transcripts. The first transcript is of Plaintiff's deposition on October 16, 2008. Defendants are allowed to depose plaintiffs concerning their allegations in a case. *See* FED. R. CIV. P. 30(a)(1); *Crawford*, 245 F. App'x at 384. Plaintiff does not allege that the deposition was unnecessary because his testimony regarding this case had already been perpetuated in some other form. *See Crawford*, 245 F. App'x at 384 (court held that deposition was necessary because a plaintiff's claims exceeded her complaints in an earlier administrative hearing). The record reveals no other way Defendant could have orally examined Plaintiff and perpetuated said testimony. Therefore, the deposition transcript was necessary, and the Court overrules Plaintiff's objection thereto.

The second transcript was of the hearing before the Mississippi Department of Insurance on November 20, 2009. As the Court noted in its Opinion of February 9, 2011 [89], it is bound to apply the substantive law of Mississippi. *See Walker v. George Koch & Sons, Inc.*, 610 F. Supp. 2d 551, 555 (S.D. Miss. 2009) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed.

6

1188 (1938)). Mississippi courts defer to a state agency's interpretation of its own statutes, unless the agency's interpretation is contrary to the statute's plain meaning. *Miss. Dep't of Corr. v. Harris*, 831 So. 2d 1190, 1192 (Miss. Ct. App. 2002) (citing *His Way Homes, Inc. v. Mississippi Gaming Comm'n*, 733 So. 2d 764, 767 (Miss. 1999)). Therefore, this Court's decision hinged – in large part – on the findings of the Department of Insurance. Furthermore, in its October 13, 2009, Memorandum Opinion and Order, the Court ordered the parties to exhaust the administrative remedies available under Mississippi law, including the review of the Commissioner of Insurance. Accordingly, the transcript of those proceedings was necessary to the proper disposition of this matter, and the Court overrules Plaintiff's objection thereto.

### C.      *Copying and Printing*

Finally, Plaintiff objects to the taxation of Defendant's costs for copying and printing services. Photocopying costs are plainly authorized in Section 1920. *See* 28 U.S.C. § 1920(3), (4). However, Before the Court can tax the costs of photocopying, "it must find that the copies for which costs were sought were necessarily obtained for use in the litigation." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 65 (5th Cir. 1994).

First, Plaintiff argues that the affidavit from Defendant's counsel submitted in support of the Bill of Costs was not made with personal knowledge unless Defendant's counsel actually made the handwritten notes designating the invoices as expenses in this case. However, Plaintiff has not offered any evidence to dispute Defendant's counsel's affidavit or in support of the speculation that it was made without the requisite personal knowledge. Accordingly, the Court rejects this argument and accepts the affidavit.

Plaintiff also contends that one of the invoices for copying services contains no indication

that the invoice was actually for this case, and that the handwritten notes on the other invoices are insufficient to establish that they were incurred for this case. Defendant's counsel submitted an affidavit attesting that the costs were incurred in this case, and Plaintiff has not presented any evidence to dispute the affidavit. Therefore, the only evidence currently before the Court indicates that the invoices were incurred for this case. Accordingly, the Court rejects Plaintiff's argument on this point.

Finally, Plaintiff argues that 28 U.S.C. § 1920 does not contemplate the taxation of costs for multiple copies of files for multiple attorneys within the same firm. The Fifth Circuit has "indicated that multiple copies of relevant documents may not be charged to an opponent." *Stearns*, 10 F.3d at 536 (citing *Fogleman*, 920 F.2d at 286). "Additional charges incurred merely for the convenience of one party's counsel should not be taxed to the other." *Fogleman*, 920 F.2d at 286. Therefore, Plaintiff "should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id.*

The itemization provided by Defendant's counsel shows that the following copying costs were incurred:

1)    copies of defendant's claim file re: plaintiff ($20.87);

2)    copies of voluminous claims and financial documentation produced pursuant to court order on motion to compel ($484.58);

3)    copies of voluminous claims and financial documentation produced pursuant to court order on motion to compel ($288.81);

4)    copies of voluminous claims and financial documentation produced pursuant to court order on motion to compel ($385.07);

8

5)      copies of voluminous claims and financial documentation produced pursuant to court order on motion to compel ($38.55);

6)      copies of pertinent documentation regarding Key's complaint provided to Michelle Partridge at Mississippi Insurance Department ($85.90); and

7)      copy of MID hearing transcript for appeal to Chancery Court ($124.90).

Items 1, 6, and 7 are clearly not multiple copies of the same materials for multiple attorneys in the same firm. Therefore, Plaintiff's objection is overruled with respect to those items.

As for the remaining items – 2, 3, 4, and 5 on the list above – the Court possesses insufficient information to determine whether they include multiple copies of the same documents, reproduced merely for the convenience of Defendant's counsel. Therefore, as Defendant bears the burden of furnishing a reasonable accounting so that the Court may properly rule on this issue, the Court orders Defendant to provide clarification on this issue within seven (7) days of the entry of this order.

### III. CONCLUSION

For the reasons stated above, the Court sustains in part and overrules in part Plaintiff's objections [92, 95] to Defendant's Bill of Costs [91] and the Clerk's Taxation of Costs [94]. More specifically:

A.      Plaintiff's objection to the taxation of expert fees in the amount of $3,500.00 is sustained.

B.      Plaintiff's objection to the taxation of the cost of transcripts in the amount of $884.00 is overruled.

C.      Plaintiff's objection to the taxation of copying and printing costs is overruled with respect to items 1, 6, and 7 listed above – totaling $231.67. The Court reserves ruling on the remaining copying costs pending Defendant's clarification.

Once the Court makes a decision regarding the remaining copying costs, it will enter an appropriate

judgement regarding the total award of costs.


      **SO ORDERED AND ADJUDGED** this 24th day of March, 2011.


                        *s/ Keith Starrett*
                    UNITED STATES DISTRICT JUDGE